**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVE I. ROBERTS,

      Plaintiff,                     CIVIL ACTION NO. 14-10273

  v.                          DISTRICT JUDGE DENISE PAGE HOOD
                                       MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

    Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant

**GRANTED**, as there is substantial evidence on the record that claimant retained the residual

functional capacity for a limited range of sedentary work.

**II.     REPORT**

    **A.  Introduction and Procedural History**

    Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI) benefits on September 20, 2010, alleging that he had

become disabled and unable to work on September 6, 2006, at age 40, due to back, head and arm pain, as well as asthma and depression. Benefits were initially denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on June 8, 2012[1], before Administrative Law Judge (ALJ) Patrick MacLean. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option with no exposure to workplace pollution, temperature extremes, moving machinery or unprotected heights. Claimant was also found incapable of climbing ladders, ropes and scaffolds. He was limited to simple, routine and repetitive tasks involving only occasional interaction with the public and co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time of the remanded administrative hearing (TR 44). He had been graduated from high school and had been employed during the relevant past as a police officer for the Wayne County Sheriff's Department (TR 45, 50). Claimant alleged disability commencing in September 2010, as a result of severe pain affecting his low back and upper extremities (TR 50). Other impairments which allegedly prevented him from

---

[1]An earlier hearing was held on June 16, 2010, before a different ALJ (TR 74-100). Following a decision to deny disability benefits, the Appeals Council remanded the matter, in an order dated January 24, 2012, for further consideration of claimant's earnings from work activity occurring after the alleged onset date. The Council also requested that the new ALJ give further consideration to claimant's maximum residual functional capacity in light of more recent medical reports of record (TR 12).

returning to work included chronic asthma, frequent headaches and severe depression (TR

52-53).  Plaintiff performed all household chores including mowing the lawn (TR 46-48).

Pain medication allegedly proved ineffective, and caused him to become drowsy (TR 48, 54).

Claimant needed to rest frequently throughout the day to alleviate his pain symptoms (TR

41).

A Vocational Expert, Harry Cynowa, classified Plaintiff's past work as medium,

skilled activity (TR 70). The witness testified that there were no jobs for claimant to perform

if his testimony were fully accepted[2]  (TR 72). If he were capable of sedentary work,

however, there were numerous unskilled inspection and security monitoring jobs that he

could perform with minimal vocational adjustment (TR 71).  These jobs provided a sit-stand

option where he could alternate positions every 30 minutes so long as he was not off task

more than 10 percent of any workday.   He would never be required to climb ladders, ropes

or scaffolding.  There would be no need to frequently crawl, and he would not be exposed

to air pollutants, temperature extremes, or workplace hazards.  He would be permitted the use

of a cane for prolonged walks and when on uneven terrain (TR 70).

### B.    ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as result of prolapse

of two lumbar discs with radiculopathy, migraine headaches, asthma, bilateral carpal tunnel

syndrome and a major depressive disorder, but that he did not have an impairment or

---

[2]The witness opined that, if claimant was absent from work more than two days per month, all work activity would be precluded (TR 72).

combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain limited him to jobs that allowed a sit-stand option where he could alternate positions every 30 minutes so long as he was not off task more than 10 percent of any workday. He should not be exposed to air pollutants, temperature extremes or workplace hazards. There would be no need to do any crawling, or climbing of ladders, ropes or scaffolds. The ALJ limited claimant to simple, routine and repetitive tasks involving only occasional interaction with the public and co-workers. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs , as identified by the Vocational Expert (TR 14-32).

### C.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

## D.      Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option[3] where he would not be exposed to air pollutants, temperature extremes or workplace hazards. Contrary to Plaintiff 's assertion, the medical evidence does not support his allegation of totally disabling joint pain or mental depression. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

 Plaintiff  initially maintains that  "[s]ubstantial evidence does not exist in this record that [he] was able to  perform a full range of work at all exertion al levels after September

---

[3]Plaintiff challenges the ALJ's sit-stand option determination because the length of time that he could sit or stand at any one time was not specified (Plaintiff's Brief in Support of Summary Judgment at pp 10-12). The ALJ found that Plaintiff could perform jobs that allowed him to sit or stand as long as he needed provided he was not off task more than 10% of the work day (TR 23). The hypothetical question posed to the vocational expert included this limitation on claimant's ability to sit for prolonged periods. The VE identified jobs that allowed a hypothetical individual to work with that type of sit-stand option (TR 74-75).

5

2006." (Plaintiff's Brief in Support of Summary Judgment at p 5).   Contrary to claimant's assertion, the ALJ did not find that claimant could perform a full range of sedentary work. Instead, the  ALJ took into consideration claimant's objectively proven functional limitations by restricting him to jobs that allowed a sit-stand option where he could change positions every 30 minutes, did not require any crawling or climbing of ladders, and had no exposure to airborne pollutants, temperature extremes or workplace hazards.  He was further restricted to simple, routine and repetitive tasks involving only occasional interaction with the public and co-workers (TR 13-30)

Plaintiff next alleges that the ALJ erred by not finding that his depression met section 12.04 of the Listing of Impairments.  The Listing of Impairments describes, for each of the major body systems, medical illnesses which are considered severe enough to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525(a) (2014).  The regulations provide that when a claimant can prove that he suffers from an impairment that meets the duration requirement (12 months) and is listed in Appendix 1, the Commissioner must automatically find the claimant disabled, and should not go on to consider the claimant's age, education and work experience.  20 C.F.R. § 404. 1520(d) (2014).  A claimant will not  be found disabled under a listing, however, if there is a failure to satisfy any one of the criteria established for a particular impairment.  King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984), 20 C.F.R. §404.1525(d).

In  order  to  meet  section  12.04  (depression),  Plaintiff  must  demonstrate  that  he experienced two out of the following: marked restrictions of activities of daily living; marked

difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. In the instant case, substantial evidence exists on the record supporting the ALJ's determination that Plaintiff experienced no episodes of decompensation, moderate difficulties in social functioning, and only mild restrictions in activities of daily living and concentration, persistence, or pace (TR 46-49, 59, 62-64, 272-274).

Claimant indicated that he had no problems with concentration, memory, understanding and following instructions and completing tasks (TR 276). For instance, he had no trouble concentrating or understanding the procedures needed to initiate a claim for disability benefits during a trip to a SSA field office (TR 260). Examiners noted that the claimant had no trouble concentrating (TR 512, 589). Tests indicated that recent and remote memory were intact (TR 593). Dr. Jai Prasad noted that claimant had good memory function (TR 451). Finally, claimant had normal insight and judgment (TR 593), and was logical with goal directed thoughts (TR 672, 686, 710, 810, 815). I therefore suggest that substantial evidence supports the ALJ's finding that Plaintiff did not meet the criteria of meeting or equaling Listing 12.04 .

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question

that took into consideration claimant's educational and vocational background, along with

his significant impairments[4], the Vocational Expert testified that there were numerous

unskilled inspection and security monitoring jobs that he could perform with minimal

vocational adjustment (TR 71).   These jobs provided a sit-stand option where he could

alternate positions every 30 minutes provided he was not off task more than 10 percent of any

workday.   He would never be required to climb ladders, ropes or scaffolding.  There would

be no need to do any frequent crawling, and he would not be exposed to air pollutants,

temperature extremes, vibrations or workplace hazards.  He would be allowed to use a cane

for prolonged walks, or when on uneven terrain (TR 70).   Given the objective clinical

findings of the examining physicians of record, I suggest that substantial evidence exists on

the record that Plaintiff retained the residual functional capacity for a restricted range of

sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of

discretion allowed by law and there is simply insufficient evidence for the undersigned to

find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied,

that of Defendant granted and the instant Complaint dismissed.

---

[4]Contrary to Plaintiff's assertion, the ALJ's hypothetical question to the vocational expert was not flawed because it did not include all his medically corroborated complaints. While Plaintiff contends that the hypothetical question   should have contained limitations in pace, speed and concentration, the ALJ accounted for these problems by restricting Plaintiff to simple, routine and repetitive tasks (TR 17). Claimant has not shown that his affective disorder prevented him from performing such work.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

 s/ Charles E Binder

CHARLES E. BINDER

Dated: October 17, 2014                 United States Magistrate Judge

9